UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMIE BRADY, ET AL.                                CIVIL ACTION

VERSUS                                              NO. 17-433

GLOBAL HAWK INSURANCE                               SECTION "R" (5)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is plaintiffs' motion for partial summary judgment.[1] For the following reasons, the Court grants the motion.

### I.  BACKGROUND

This case arises out of a motor vehicle collision on the I-10 highway in Orleans Parish, Louisiana.[2] On December 4, 2015, Defendant Lukas Maelissa was driving a tractor-trailer owned by Defendant DAT Trucklines, Inc., when the front of Maelissa's vehicle struck the rear of a vehicle driven by Plaintiff Jimmie Brady.[3] Plaintiff Acharmbi Berry was a guest passenger

---

[1]   R. Doc. 14.
[2]   R. Doc. 2-2 at 1 ¶ 2.
[3]   R. Doc. 14-4; R. Doc. 14-8 at 2-3.

in Brady's car at the time of the accident.[4]  Defendant Global Hawk Insurance Company provides insurance coverage to DAT Trucklines and Maelissa.[5]

On July 7, 2016, plaintiffs filed a petition for damages in Louisiana state court.[6]  Brady and Berry allege that they each suffered personal injuries because of the traffic accident.[7]  Defendants removed the matter to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332.[8]  Plaintiffs now move for partial summary judgment on the issues of liability, comparative fault, vicarious liability, and insurance coverage.[9]

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s]

---

[4]  R. Doc. 14-8 at 2.
[5]  R. Doc. 15 at 1.
[6]  R. Doc. 2-2.
[7]  *Id.* at 2 ¶ 6-7.
[8]  R. Doc. 1 at 3 ¶ 7.
[9]  R. Doc. 14.

from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (quoting *Celotex*, 477 U.S. at 322).

## III. DISCUSSION

### A. Request to Strike Exhibits

Defendants ask the Court to strike as inadmissible certain exhibits attached to plaintiffs' motion.[10] As an initial matter, the Court notes that "[a]t the summary judgment stage, materials cited to support or dispute a

---

[10] R. Doc. 15 at 5-6.

fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)).

Defendants first ask the Court to strike evidence of a settlement agreement between Global Hawk and Brady regarding the property damage to Brady's vehicle arising out of the December 4, 2015 accident.[11] Federal Rule of Evidence 408 provides that evidence of a settlement is inadmissible "either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Plaintiffs' references to the property damage settlement appear designed to establish the validity of their claim, and plaintiffs have not indicated that this evidence could be admissible for any permissible purpose.[12] *Cf. Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) (holding that evidence of a settlement may be admissible for purposes other than to prove liability or the validity or amount of a claim). Evidence of a purported property damage settlement is therefore not capable of being presented in admissible form, and the Court will not consider it on summary judgment. Accordingly, the Court strikes plaintiffs' Exhibit 6.[13]

---

[11] R. Doc. 15 at 5.
[12] R. Doc. 14-1 at 2; R. Doc. 14-2 at 3.
[13] R. Doc. 14-9. Defendants ask the Court to strike plaintiffs' Exhibit 5, which is the defendants' responses to plaintiffs' request for admission. *See* R. Doc. 14-8. But Exhibit 5 does not reference a settlement.

Defendants further request that the Court strike plaintiffs' photographic and video evidence.[14] Defendants argue that these exhibits lack foundation and are inadmissible under Federal Rule of Evidence 901.[15] Plaintiffs represent that the photograph[16] and video[17] were captured by a police officer's body camera during the officer's investigation of the traffic accident.[18] As noted above, evidence need not be fully authenticated and admissible to constitute competent summary judgment evidence so long as it is capable of being presented in admissible form at trial. *See Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC*, 835 F.3d at 533-34. But the Court finds it unnecessary to consider the video and still photograph because plaintiffs have presented sufficient alternative evidence to warrant partial summary judgment.

**B. Maelissa's Liability**

Plaintiffs argue that the uncontested facts establish that Maelissa is solely at fault for the damages they sustained as a result of the motor vehicle

---

Defendants' objection therefore appears to be directed at the property damage release attached as Exhibit 6. *See* R. Doc. 14-9.
[14] R. Doc. 15 at 5-6.
[15] *Id.*
[16] R. Doc. 14-10.
[17] R. Doc. 14-5.
[18] R. Doc. 18 at 8.

collision.[19] Brady testified in his deposition that he was driving in traffic on the right lane of the highway preparing to exit on Claiborne Avenue when his vehicle was suddenly hit by a truck driving behind him.[20] Berry similarly testified that Brady's vehicle was traveling in the right lane in stop and go traffic when the vehicle was struck from behind.[21] Defendants do not offer any deposition testimony to rebut plaintiffs' accounts of the accident.

Further, defendants admit that the front of Maelissa's truck collided with the rear of Brady's vehicle.[22] In Louisiana, drivers of motor vehicles have a duty "not [to] follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. R.S. 32:81(A). The Louisiana Supreme Court has explained that "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent." *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987). To rebut the presumption of negligence, the rear driver "must establish that he kept his vehicle under control, closely observed the forward vehicle and followed at a safe distance under the

---

[19] R. Doc. 14 at 1.
[20] R. Doc. 14-7 at 62-63, 71-72.
[21] R. Doc. 14-6 at 49.
[22] R. Doc. 14-8 at 2-3.

circumstances." *Eubanks v. Brasseal*, 310 So. 2d 550, 553 (La. 1975); *see also Domingo v. State Farm Mut. Auto. Ins. Co.*, 54 So. 3d 74, 80-81 (La. App. 5 Cir. 2010). A following driver can avoid liability by demonstrating "that the unpredictable driving of the preceding motorists created a sudden emergency that the following motorists could not reasonably have anticipated." *See Eubanks*, 310 So. 2d at 555.

Defendants have not presented the Court with Maelissa's description of the accident. Nor do they offer any evidence that Maelissa was driving safely under the circumstances. Additionally, the police traffic crash report includes a violation by Maelissa for failure to yield and concludes that he was at fault for the accident.[23] The police report indicates no violations by Brady.[24] Given this report and plaintiffs' unrebutted accounts of the accident, the Court finds that plaintiffs have offered sufficient evidence to "entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65 (internal quotation marks and citation omitted).

In response to this evidence of Maelissa's negligence, defendants argue that plaintiffs provided inconsistent statements about the circumstances

---

[23] R. Doc. 14-4 at 2-3, 7.
[24] *Id.* at 4-5.

surrounding the accident.[25] But none of these purported inconsistencies give rise to genuine issues of material fact regarding liability. Defendants first point out that Berry told medical providers that the accident occurred as Brady's car was merging into traffic.[26] Berry later testified that Brady's car did not change lanes before the collision, and she explained that she had used the wrong term when she said the car was merging into traffic.[27] Defendants present no other evidence to suggest that Brady's car was merging into traffic before the accident. The police report does not indicate any lane change by Brady.[28] Even if the Court were to accept as true defendants' suggestion that the accident may have occurred as Brady merged into traffic, defendants have not raised an issue of fact indicating that Brady acted abruptly or merged into traffic without exercising due care.

Defendants further contend that Brady may have been driving unreasonably slowly in violation of Louisiana Revised Statutes § 32:64(B).[29] But defendants fail to point to any facts indicating that Brady was driving "at such a slow speed as to impede the normal and reasonable movement of traffic." La. R.S. 32:64(B). Brady testified that he was driving in "stop and

---

[25] R. Doc. 15 at 4.
[26] *Id.*; R. Doc. 15-2 at 4.
[27] R. Doc. 15-2 at 4-5.
[28] R. Doc. 14-4 at 7.
[29] R. Doc. 15 at 4-5, 7-8.

9

go" traffic, and at some moments the vehicle was stopped and at other times he was able to move 10 to 15 miles an hour.[30] The police report indicates that Brady stated he was rear ended "as traffic gradually moved."[31]

In light of plaintiffs' uncontradicted testimony about the traffic situation, defendants have failed to raise any genuine issue of fact as to whether Brady was driving too slowly. Heavy traffic does not in itself constitute a sudden emergency, and the following driver has an obligation to slow down to adjust to traffic conditions. *See Fuller v. Hillyard*, Nos. 00-2791, 00-2953, 2002 WL 10524, at *5 (E.D. La. 2002); *Ebarb v. Matlock*, 69 So. 3d 516, 521-22 (La. App. 2 Cir. 2011). Defendants' reliance on *Rudd v. United Services Auto Ass'n*, 626 So. 2d 568 (La. App. 3 Cir. 1993), is inapposite. The *Rudd* court found a genuine issue of material fact because the defendant driver testified that the lead driver slammed on her brakes. *Id.* at 570-71. Defendants present no testimony from Maelissa that could create

---

[30] R. Doc. 15-1 at 4-5, 8. Brady initially testified that he was driving about 25 to 30 miles an hour, but later in his deposition he stated that he was not moving that fast. *See* R. Doc. 15-1 at 3, 5. Given the traffic conditions, some uncertainty about the speed of the vehicle is not unusual.
[31] R. Doc. 14-4 at 7.

a similar issue of fact. Accordingly, the Court finds that Maelissa's negligence was the sole proximate cause of the traffic collision.[32]

### C. Vicarious Liability and Insurance Coverage

Defendants admit that Maelissa was performing work for DAT Trucklines at the time of the accident[33] and concede that DAT Trucklines is vicariously liable for any liability assigned to Maelissa.[34] *See* La. Civ. Code art. 2320. Defendants further concede that Global Hawk provides insurance coverage to DAT Trucklines and Maelissa.[35] There is therefore no genuine issue of fact as to either vicarious liability or insurance coverage.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Lukas Maelissa's negligence was the sole proximate cause of the December 4, 2015 motor vehicle collision and that DAT Trucklines is vicariously liable for Maelissa's negligent acts or omissions. Further, the Court finds that Global Hawk Insurance Company provided automobile liability coverage to DAT

---

[32] This motion for partial summary judgment is limited to the question of liability, and the Court expresses no opinion as to the scope of plaintiffs' damages.
[33] R. Doc. 14-8 at 3.
[34] R. Doc. 15 at 1-2.
[35] *Id.*

11

Trucklines and Lukas Maelissa at the time of the accident. Accordingly, plaintiffs' motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, this __16th__ day of October, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE